## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. HUMPHREY, | ) | Case No.  1:11-CV-381 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Patrick R. Donahoe's ("Defendant's") Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1).  (**Doc #: 6**.) For the reasons discussed, *infra*, Defendant's Motion is **GRANTED**.

### I.

Plaintiff Robert J. Humphrey, a retired United States Postal Service ("USPS") employee, alleges that he was assaulted and battered by USPS employee Darrel Chitwood on March 20, 2009.  Specifically, Chitwood "offensively plac[ed] his hands on [him] and forcefully push[ed] him."  (Doc #: 1 at ¶5.)  Plaintiff further avers that this was the fourth instance that Chitwood had assaulted him and that USPS was aware of "Chitwood's propensity to commit intentional torts" because Plaintiff had filed suit in 2006 against USPS and Chitwood for

Chitwood's conduct.  (*Id.* at ¶¶ 5-6.; *see also* Case No. 1:06cv2176.)[1]  Plaintiff states that he has frequently complained to USPS management about Chitwood's actions but that the only response has been to change Plaintiff's parking spot.  (*Id.* at ¶ 7.)

Plaintiff filed the instant complaint on February 22, 2011, bringing the following causes of action under the Federal Tort Claims Act ("FTCA") and common law: (1) USPS, by negligently retaining a dangerous employee, breached its duty to provide Plaintiff with a safe workplace; and (2) Chitwood assaulted and battered Plaintiff, and USPS ratified Chitwood's conduct.  On June 14, 2011, Defendant filed the instant Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  (Doc #: 6.)  Plaintiff opposed Defendant's motion on July 13, 2011 (Doc #: 7); Defendant replied to Plaintiff's opposition on July 27, 2011.  (Doc #: 8.)

## II.

The Federal Tort Claims Act ("FTCA"), waives the sovereign immunity of the United States in limited contexts.  *Himes v. United States*, 645 F.3d 771 (6th Cir. 2011).  The FTCA authorizes a cause of action sounding in tort to be brought against the United States or its agencies.  *Id.*; 28 U.S.C. §2679(a).  Under the FTCA, "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. §2674.  Liability is analyzed under the law of the state where the alleged wrongdoing occurred, which in this case is Ohio.  28 U.S.C. §1346(b).

Though Plaintiff has named Chitwood and the USPS as defendants, "individuals may not be sued under the Federal Tort Claims Act."  *Bangas v. Potter*, 145 Fed. App'x 139, 142

---

[1]The 2006 case was dismissed after Plaintiff failed to oppose motions to dismiss filed by Defendants United States of America and USPS.

(6th Cir. 2005) (citing 28 U.S.C. §2679(d)(1); *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994)).  Thus, only the United States and not Chitwood, individually, can be held liable under the FTCA.  Any cause of action against Chitwood must arise under state law.

The FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. §2680.  Defendant argues that because Plaintiff's complaint arises out of Chitwood's alleged assault and battery, the FTCA does not provide for a cause of action and the Court therefore lacks subject matter jurisdiction.  However, "it is both settled and undisputed that in at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur."  *Sheridan v. United States*, 487 U.S. 392, 398 (1988).  Thus, the mere fact that Chitwood allegedly assaulted and battered Plaintiff does not necessarily trigger the FTCA's intentional tort exception.  *See United States v. Muniz*, 374 U.S. 150 (1963) (prisoner assaulted by other inmates could recover against prison officials who were negligent in failing to prevent the assault that caused the injury).

Rather, the Court must closely analyze the allegations against the USPS to determine whether the FTCA intentional tort exception applies.  There are two tort claims against the USPS - one for negligence in not preventing Chitwood's conduct, the other for the intentional tort of assault and battery under a respondeat superior theory.  Because assault and battery are intentional torts, the FTCA exception precludes the USPS from being held liable for these torts under a respondeat superior theory.  Additionally, because of the doctrine of

-3-

sovereign immunity, the USPS cannot be held liable for assault and battery under state law. Therefore, Plaintiff may not recover against the USPS directly for the alleged assault and battery and this claim is dismissed with prejudice.

The Court need not determine whether the FTCA exception for intentional torts also precludes a negligence claim against the USPS because the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §8101, *et seq*., rather than the FTCA, provides Plaintiff the basis to recover for the alleged injury caused by the USPS' alleged negligence.  "FECA provides that the United States shall pay compensation for the disability of any employee resulting from personal injury sustained in the performance of his duty." *Johnson v. United States*, 101 F.3d 702 (6th Cir. 1992).  "This liability of the United States is exclusive and instead of all other liability of the United States, including any liability under a federal tort liability statute." *Id*.

Plaintiff alleges that he "was damaged by being forced to miss work and suffered from an exacerbated diagnosed PTSD (post traumatic stress disorder) caused by Mr. Chitwood's ongoing sexual harassment of the Plaintiff ..." (Doc #: 1 at ¶ 8.)  That is, Plaintiff claims that because the USPS did not properly respond to Chitwood's alleged misconduct, Plaintiff, in the course of his employment, suffered emotional distress at work.  "FECA provides the exclusive remedy for claims of emotional distress by federal employees." *Franklin v. United States*, 86 Fed. App'x 897, 898 (6th Cir. 2004) (citing *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992)).  The allegations in Plaintiff's complaint therefore give rise to a cause of action under FECA, rather than the FTCA.  The FTCA claim for negligent inaction in preventing the alleged assault and battery must be dismissed without prejudice to permit Plaintiff to pursue his remedies

-4-

under FECA.[2]

Having dismissed the claims against the USPS, all that remains of Plaintiff's complaint is a common law tort action against Chitwood for assault and battery. Because the remaining tort action is a matter of state law arising from a dispute between two citizens of Ohio, an Ohio court is the appropriate forum. Therefore, the Court dismisses the remainder of the complaint without prejudice so that the matter can be re-filed in state court.

### III.

For the reasons discussed, *supra*, Defendant's Motion to Dismiss is hereby **GRANTED**. Plaintiff's intentional tort claim against the USPS is **DISMISSED WITH PREJUDICE**. Plaintiff's negligence claim against USPS and his state law claim against Chitwood are **DISMISSED WITHOUT PREJUDICE**.


**IT IS SO ORDERED.**


*/s/ Dan A. Polster    August 25, 2011*
**Dan Aaron Polster**
**United States District Judge**

---

[2]Under FECA, Plaintiff has three years from the time of his injury to make a claim for compensation. 5 U.S.C. §8101. Plaintiff must make his claim in writing to the Secretary of Labor ("the Secretary"). *Id*. at §8121. Following any necessary investigation, the Secretary makes findings of fact and determines whether to award compensation. *Id*. at §8124(a). If Plaintiff is not satisfied with the Secretary's compensation decision he may request a hearing with a representative of the Secretary within 30 days of the Secretary's decision. *Id*. at §8124(b). The Secretary will make a further decision within 30 days of the hearing. *Id*. If still not satisfied, Plaintiff may apply to the Secretary for final review. *Id*. at §8128(a). The Secretary's decision on final review is not subject to judicial review. *Id*. at §8128(b).